INTERNATIONAL UNION BANK, Respondent, *v.* NATIONAL SURETY COMPANY, Appellant.

First Department, June 4, 1926.

Insurance — indemnity insurance — action on indemnity bond issued to plaintiff bank against loss caused by forgery — depositor of plaintiff presented and was given credit for two checks on other banks apparently signed by third persons — one check was returned for insufficient funds and other because account had been closed — checks were actually signed by depositor of plaintiff in names assumed by him as depositor in banks on which checks were drawn — no forgery was committed by depositor within meaning of indemnity bond or Penal Law, §§ 880 and 883.

An indemnity bond given by the defendant to the plaintiff bank to indemnify the plaintiff against any loss through the payment of forged checks or checks

bearing forged indorsements, does not cover the loss suffered by the plaintiff on which the present action is based, since it appears that a depositor of the plaintiff presented to the plaintiff two checks apparently drawn by third persons on other banks and was given credit therefor; that he immediately withdrew the amount so credited to his account; that said checks were actually signed by plaintiff's depositor by assumed names under which he was known at the banks on which the checks were drawn; that one of the checks was returned because of insufficient funds and the other on the ground that the account of the drawer had been closed; and that the plaintiff's depositor was at the time a depositor in one of the banks under the name signed to the check on that bank and had been a depositor in the other bank under the name signed to that check.

No recovery can be had unless it is shown that the acts of plaintiff's depositor amounted to forgery within the meaning of our penal statutes, and since the depositor could not have been convicted under sections 880 or 883 of the Penal Law for forgery, the plaintiff has no cause of action on the bond in suit.

McAVOY and MARTIN, JJ., dissent.

APPEAL by the defendant, National Surety Company, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 22d day of June, 1925, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fourth District, in favor of the plaintiff.

*Sidney J. Loeb* of counsel [*Prince & Loeb,* attorneys], for the appellant.

*Arthur M. Moritz* of counsel [*Morris Hillquit,* attorney], for the respondent.

DOWLING, J.   The case was tried upon stipulated and admitted facts.   The action was brought upon defendant's bond, known as a " Bankers' Blanket Bond " whereby the defendant, among other things, undertook to indemnify the plaintiff, a banking corporation, against " any loss through the payment, whether received over the counter or through the clearing house, or by mail, of forged or raised checks or (genuine) checks bearing forged indorsements or the establishment of any credit to any customer·on the faith of such checks."   The bond was dated on the 1st day of January, 1924, and was duly executed and delivered.   On February 11, 1924, one George D. Wagner had an account in plaintiff bank with a credit balance of $350.   On the same day he deposited with the plaintiff two checks, one for the sum of $400, dated February 7, 1924, drawn on the Chatham· and Phenix National Bank, purporting to have been made by one Charles G. Weber to the order of George Wagner, and indorsed " George D. Wagner," and the other likewise for the sum of $400 dated February 8, 1924, drawn on the Yorkville Bank, purporting to have been made by one Charles F. Vietz to the order of George D. Wagner and indorsed

" George D. Wagner." The plaintiff, believing both checks to be genuine, established a credit for their amount, in the sum of $800 to George D. Wagner, and Wagner then drew $800 against the credit so established. Thereafter the Chatham and Phenix Bank returned the Weber check with the indorsement " account closed " and the Yorkville Bank returned the Vietz check with the indorsement, " short," so that the plaintiff's loss is $450, viz., the $800 paid out, less the credit balance of Wagner of $350.

The two checks in question in addition to another check for $350, drawn on the International Union Bank by George D. Wagner, payable to Charles Vietz and indorsed " Chas. F. Vietz," were all signed and indorsed by one and the same person in one and the same handwriting, *i. e.*, the person known to the International Union Bank as George D. Wagner, to the Chatham and Phenix National Bank as Charles G. Weber and to the Yorkville Bank as Charles F. Vietz.

Wagner's signature to the check on the Chatham and Phenix Bank was the same signature as that on file with that bank under the name of Charles G. Weber, and his signature to the check on the Yorkville Bank was the same signature as that on file with that bank under the name of Charles F. Vietz. When his account with the Chatham Bank was closed does not appear.

The question presented by this appeal is whether the act of a man in drawing checks under names which he has assumed other than his real one, constitutes forgery, where he has been known under the assumed names at the banks on which the checks were drawn, had accounts therein under said names, and used his natural handwriting for the signatures under the assumed names deposited with such banks when his accounts therewith were opened, as well as for the signatures to the respective checks drawn in such names against said accounts.

This contract is a New York contract, made and to be performed here and must be interpreted under the laws of this State. The contract is (omitting the question of raised checks not presented herein) solely one to reimburse plaintiff against loss incurred through honoring, or giving credit on account of, *forged* checks or checks bearing *forged* indorsements. The essential element for establishing defendant's liability on its bond is the commission of *forgery*.

In my opinion the question of what constitutes forgery in any particular case arising in this State must be determined by its statute law. The Penal Law of this State thus defines the crime of forgery (§ 880): " Terms forge, forged and forging.— The expressions ' forge,' ' forged ' and ' forging,' as used in this article, include false making, counterfeiting and the alteration, erasure, or

obliteration of a genuine instrument, in whole or in part, the false making or counterfeiting of the signature, of a party or witness, and the placing or connecting together with intent to defraud different parts of several genuine instruments."

I do not believe that Wagner's act in signing his assumed name to these checks constitutes forgery within these provisions of law. There was no false making, for Wagner drew checks on a bank where he once had an account and on a bank where he actually had an account at the time, and used as his signature the one known to each of said banks as that of a depositor and in the same manner as he had signed to open his accounts therein. The mere assumption of another name than his real one did not constitute a crime, nor was such use prohibited by law. There is no proof that his original opening of these accounts was fraudulent or intended to assist in subsequent crimes, nor can such a presumption be indulged in. In dealing with a person accused of a crime, he is continuously to be credited with the presumption of innocence until proven guilty. (Code Crim. Proc. § 389.) He did not counterfeit anything, for he used his real signature under his assumed name. Had the funds to meet these checks been in the banks on which he drew them, they would have honored and paid them, for the names and signatures were those which they recognized as of a depositor therein. The remaining provisions of the section are patently inapplicable here.

Nor is the plaintiff's case helped by section 883 of the Penal Law, which provides: " Uttering writing signed with wrong-doer's name. Whenever the false making or uttering of any instrument or writing is forgery in any degree, a person is guilty of forgery in the same degree, who, with intent to defraud, offers, disposes of, or puts off such an instrument or writing subscribed or indorsed in his own name, or that of any other person, whether such signature be genuine or fictitious, under the pretense that such subscription or indorsement is the act of another person of the same name, or of a person not in existence."

This section again harks back to the proposition that the instrument or writing for the uttering of which criminal liability is sought to be imposed must originally be found to be a forgery, which in my opinion these checks were not.

Even in civil cases, the mere fact that an assumed name was used as a cover for a fraudulent transaction did not necessarily void the transaction nor allow payments made to such a person to be recovered back from the bank which had honored them, nor was it held that such a deceit constituted forgery. Thus in *Hartford* v. *Greenwich Bank* (157 App. Div. 448; affd., 215 N. Y. 726,

on opinion below) plaintiff's assignor had an employee who assumed the name James Wilson. He opened an account with the defendant. He issued fictitious bills in the name of James Wilson to the plaintiff's assignor, and plaintiff's assignor drew checks to the order of this James Wilson and mailed them to his ostensible business address. The employee received the checks, deposited them in his account under the name of James Wilson with the defendant bank and thus defrauded defendant of over $8,000. The question was whether the plaintiff or defendant bank should bear the loss. This court held (at pp. 450, 451): "In many cases it has been held that if the name of the payee be forged, or if the amount for which the check was drawn be altered, or if the date of payment be changed, no matter how skillfully the forgery or alteration may be effected, the bank must refund if it wrongfully pays. In the present case none of these conditions have been shown. On the contrary the checks were paid to the very person to whom the tea company intended they should be paid, viz., the person from whom it believed that it had purchased goods. It is true that it had never received any goods from the person in whose favor it drew the checks, and that it had been cheated into believing that it had so bought them, but it is very clear that no liability can attach to the bank for that fraud. Having, however, been cheated into the belief that it had purchased goods from and owed money to one James Wilson, it intended when it uttered the check that it should be paid to the person from whom, as it then believed, it had made the purchase. That person was the identical person to whom the checks were paid. This is not strictly speaking the case of a check drawn to a fictitious or non-existent person. There was an actual person, calling himself James Wilson, although that was not his real name, and it was that person to whom the tea company intended its checks should be paid. * * * What we have here is a successful fraud perpetrated upon the tea company by one of its own employees, by which it was induced to believe that it owed that employee certain sums of money. The checks in suit were intended to be paid in satisfaction of this supposed debt and were in fact paid to the person for whom they were intended. No liability attaches to the bank under these circumstances." (See, also, *National Surety Company* v. *National City Bank,* 184 App. Div. 771; *Strang* v. *Westchester County National Bank,* 235 N. Y. 68.)

It has long been the law in this State that a party is bound by any assumed name he chooses to use, provided it is not the real name of an existent person, whose signature he represents it to be. There is no proof here that there was any such person in existence

as Charles G. Weber or Charles F. Vietz, nor any claim that Wagner represented his checks to be those of other parties bearing the names of Weber or Vietz. He used and adopted those two names as his own and was bound to carry out the obligations he assumed thereunder. Those names represented a real entity, Wagner himself, and were not the names of a non-existent or fictitious person, but as in the *Hartford* case, the name by which an existent person chose to call himself, by which he was known to the banks and under which they were bound to honor his checks, signed with his customary signature as deposited with them, if the funds were there to meet them.

Under the facts before us, Wagner undoubtedly was guilty of larceny under section 1292-a of the Penal Law (added by Laws of 1918, chap. 314, as amd. by Laws of 1923, chap. 505). Whatever other forms of larceny he may have been guilty of, is not material. The point is that, as I view it, he was not guilty of forgery, and it was against loss caused only by such crime which the defendant undertook to indemnify plaintiff against loss or damage.

The determination and judgment appealed from should, therefore, be reversed, with costs, and judgment directed in favor of the defendant, with costs.

CLARKE, P. J., and MERRELL, J., concur; McAVOY and MARTIN, JJ., dissent.

Determination appealed from and judgment of the Municipal Court reversed, with costs to appellant in this court and in the Appellate Term, and judgment directed to be entered in favor of defendant, with costs.